| | |
|---|---|
| ORTIZ & ORTIZ, L.L.P.<br>32-72 Steinway Street, Ste. 402<br>Astoria, New York  11103<br>Tel. (718) 522-1117<br>Fax (718) 596-1302<br>email@ortizandortiz.com<br>Norma E. Ortiz, Esq.<br>Martha J. de Jesus, Esq.<br>*Attorneys to the Debtor* | Presentment Date: June 20, 2016<br>Presentment Time: 12:00 P.M. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

                                                      CASE NO. 15-45600

      JOHN MARTIN,

                                                      CHAPTER 13

                 Debtor.
---------------------------------------------------------X

**NOTICE OF PRESENTMENT OF DEBTOR'S MOTION FOR AN ORDER SETTING ASIDE JUDICIAL LIEN OF CARROLTON TRUST UTD 011113 AS IMPAIRING DEBTOR'S HOMESTEAD EXEMPTION IN PROPERTY KNOWN AS 191-20 109th STREET, SAINT ALBANS, NEW YORK 11412**

    **PLEASE TAKE NOTICE** that the undersigned will present the annexed Motion For an Order Setting Aside the Judicial Lien of Carrolton Trust UTD 01113 as impairing the Debtor's Homestead Exemption in property known as 191-20 109th Street, Saint Albans, New York 11412 (the "Motion"), to the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, for signature, at the U.S. Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, **on June 20, 2016, at 12:00 p.m.** (the "Presentment Date").

    **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Motion, with proof of service, is filed with the Clerk of the Court electronically at www.nyeb.uscourts.gov and a courtesy copy is delivered to (1) Judge Lord's chambers, located at the U.S. Bankruptcy Court, 271-C

Cadman Plaza East, Brooklyn, New York 11201, and (2) the undersigned, **no later than June 13, 2016, at 4:00 p.m.**, Judge Lord may grant the Motion without conducting a hearing.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing. The objecting parties are required to attend the hearing; failure to attend in person or by counsel may result in the relief being granted or denied upon default.

Dated: May 17, 2016
      Astoria, New York

                                         _/s/Martha J. de Jesus_
                                         Norma E. Ortiz, Esq.
                                         Martha J. de Jesus, Esq.
                                         Ortiz & Ortiz, L.L.P.
                                         32-72 Steinway Street, Suite 402
                                         Astoria, New York   11103
                                         Tel. (718) 522-1117
                                         *Attorneys for the Debtor*

| | |
|---|---|
| Norma E. Ortiz, Esq. | Presentment Date: June 20, 2016 |
| Martha J. de Jesus, Esq. | Presentment Time: 12:00 p.m. |
| Ortiz & Ortiz, L.L.P. | |
| 32-72 Steinway Street, Suite 402 | |
| Astoria, New York  11103 | |
| Tel. (718) 522-1117 | |
| *Attorneys to the Debtor* | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

            CASE NO. 15-45600

    JOHN MARTIN,

            CHAPTER 13
          Debtor.

---------------------------------------------------------x

**MOTION FOR AN ORDER SETTING ASIDE JUDICIAL LIEN OF CARROLTON TRUST UTD 011113 AS IMPAIRING DEBTOR'S HOMESTEAD EXEMPTION IN PROPERTY KNOWN AS 191-20 109th STREET, SAINT ALBANS, NEW YORK 11412**

      John Martin (the "Debtor"), by and through his attorneys Ortiz & Ortiz, L.L.P., hereby moves this Court pursuant to 11 U.S.C.  506, 502, 1325(a)(5)(C) and 522(f)(1) and Fed. R. Bankr. P. 3012, 4003 and 9014 for an order reclassifying Claim No. 1 filed by Carrollton Trust UTD 011113 ("the Creditor") as wholly unsecured and voiding any judicial lien on behalf of the Creditor that impairs the value of his homestead exemption.  In support of this motion, the Debtor respectfully states as follows:

**Background**

    1.    The Debtor filed a voluntary Chapter 13 petition on December 14, 2015.

    2.    The Debtor and his non-filing spouse reside in the real property located at 191-20 109th Avenue, Saint Albans, New York 11412 (the "Residence").  They own their home as

tenants by the entirety. The deed for their home is recorded with the Office of the City Register in Queens County, Block 10924, Lot 56.

3. When the Debtor's bankruptcy case was filed, the Residence was valued at approximately $389,000. The Debtor has an outstanding mortgage secured by the Residence with Chase Home Mortgage of approximately $26,730. Therefore, after subtracting the mortgage, the Debtor's interest in the Residence is approximately $181,135. The Debtor claimed the equity in his home as exempt since there would not be any recovery to the Creditor after the costs of a sale.

4. On August 11, 2014, the Creditor obtained a judgment in the amount of $215,880.55 against the Debtor in New Jersey and filed it in Queens county on November 17, 2014 (the "Judgment").

5. Upon the filing of the judgment in Queens county, the Creditor obtained a lien on the Residence.

**Relief Requested**

6. The Debtor seek an order setting aside the Judgment because it impairs his homestead exemption

7. Bankruptcy Code Section 522(f) provides in relevant part that

> (1) the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>
> > (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or
>
> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an

>   exemption to the extent that the sum of--
>   (i) the lien;
>   (ii) all other liens on the property; and
>   (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Fed. R. Bankr. Proc. 4003(d) requires a debtor to seek such relief by motion.

8. Stated in other words, Section 522(f) permits a debtor to avoid a judicial lien when it impairs a debtor's exemption in exempt property. "Section 522(f)(1)(A) thus protects the debtor's exemption rights from being diminished or even eliminated by liens that attached to the debtor's property by means of judicial process prepetition." In re Armenakis, 406 B.R. 589, 604 (Bankr. S.D.N.Y. 2009) (citations omitted).

9. In Armenakis, the court set forth factors to be used for determining whether a judicial lien should be avoided:

>   Under § 522(f)(1)(A), a debtor may avoid the fixing of a lien if three requirements are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien. The debtor bears the burden of proof by a preponderance of the evidence on every element of [§] 522(f).

Id. at 604 (quoting, among others, In re Wilding, 475 F.3d 428, 431 (1st Cir.2007)).

10. The Debtor's request to avoid the Liens meets the three-pronged test set forth in Armenakis. First, the Judgment is a judicial lien. Bankruptcy Code Section 101(63) defines a judicial lien as a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. The Judgment is based upon a judgment obtained against the Debtor for non-payment of a debt. Second, the Judgment impairs the Debtor's homestead exemption because there is insufficient equity in the Residence to exceed the amount of the

3

Debtor's homestead exemption. Finally, the Judgment arose prior to the bankruptcy filing when the Debtor held title to the Residence. For these reasons, the Debtor respectfully requests that the Court enter an order avoiding the Judgment.

11. No previous motion for the relief requested herein has been made to this or any other court.

12. No prior application of this nature has been filed by the Debtor.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form of the proposed order annexed hereto granting the motion and granting such other and further relief as is just and proper.

Dated: May 17, 2016
       Astoria, New York

   /s/Martha J. de Jesus
Norma E. Ortiz, Esq.
Martha J. de Jesus, Esq.
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Suite 402
Astoria, New York  11103
Tel. (718) 522-1117
*Attorneys to the Debtor*

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re

                                CASE NO. 15-45600

JOHN MARTIN,

                                CHAPTER 13

           Debtor.
-------------------------------------------------------X

## ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER SETTING ASIDE JUDICIAL LIEN OF CARROLTON TRUST UTD 011113 AS IMPAIRING DEBTOR'S HOMESTEAD EXEMPTION IN PROPERTY KNOWN AS 191-20 109th STREET, SAINT ALBANS, NEW YORK 11412

Upon the Motion (the "Motion") of John Martin (the "Debtor"), for the entry of an order setting aside the judicial lien of Carrollton Trust UTD 011113 ("the Creditor"), as encumbering the Debtor's homestead exemption in the property known as 191-20 109th Avenue, Saint Albans, New York 11412 (the "Property") and registered with the Office of the City Register in Queens County, Block 10924, Lot 56; no objection to the relief requested having been filed with the Court; notice of the Motion having been given, and sufficient cause for the relief requested having been demonstrated, it is hereby

**ORDERED**, that the judicial lien of the Creditor encumbering the known as 191-20 109th Avenue, Saint Albans, New York 11412 and registered with the Office of the City Register in Queens County, Block 10924, Lot 56, is hereby voided, set aside and shall be deemed stricken from the Property.

Dated: Brooklyn, New York
        June ____, 2016

                                                              _____
                                                              NANCY HERSHEY LORD
                                                              U.S. BANKRUPTCY JUDGE