FOX ROTHSCHILD LLP
Kathleen Aiello
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900

and

Michael Viscount, Esq
Midtown Building, Ste. 400
1300 Atlantic Avenue
Atlantic City, NJ 08401

*Attorneys for Carrollton Trust UTD 011113*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                                          :
                                                                                   :     Chapter 13
JOHN MARTIN,                                                         :
                                                                                   :     Case No. 15-45600 (NHL)
                                      Debtor.                          :
-------------------------------------------------------------x

### OBJECTION TO DEBTOR'S MOTION TO AVOID LIEN

Carrollton Trust UTD 011113 (the "Creditor" or the "Trust"), by and through its

undersigned counsel, Fox Rothschild LLP, as and for its objection to the motion (the "Motion")

[ECF No. 34] of John Martin (the "Debtor"), the above-captioned debtor, for an order, pursuant

to 11 U.S.C. §§ 502, 506, 1325(a)(5)(C) and 522(f)(1), setting aside the Trust's judicial lien as

impairing the Debtor's homestead exemption in property known as 191-20 109th Street, Saint

Albans, New York 11412 (the "Real Estate"), respectfully submits as follows:

### PRELIMINARY STATEMENT

1.    The Debtor's Motion should be denied because his lien avoidance analysis is

flawed for several reasons.  First, the Debtor improperly asserts that his interest in the Real

Estate is only one half of its value because he owns the Real Estate with this non-Debtor spouse;

however, this Court has made clear that the full fair market of the value should be used in a lien

ACTIVE 40965516v2 06/27/2016

avoidance analysis.  Using the full fair market value, as required, leaves significantly more equity in the Debtor's Real Estate against which the Creditor's Judgment Lien may attach.

2.        Second, the Judgment Lien does not actually impair the Debtor's homestead exemption.  There is almost sufficient equity in the Real Estate to satisfy the Judgment Lien, in full, even after accounting for the Chase Mortgage and the Debtor's homestead exemption.  As set forth below, only approximately $15,000 - $25,000 of the Creditor's Judgment Lien is subject to avoidance – not the $230,000 judgment as the Debtor asserts.

3.        Third, the Judgment Lien should not be avoided based on hypothetical costs the Debtor has arbitrarily infused into his Lien Avoidance analysis.  If the Debtor is not actually selling the Real Estate, then the Court is under no obligation to factor such hypothetical costs into the lien avoidance calculations.

4.        Following the Debtor's flawed application of the lien avoidance analysis under Section 522(f) will allow the Debtor to enjoy a windfall at the expense of the Creditor and should not be permitted.

## BACKGROUND

5.        The Trust is a secured creditor by virtue of a money judgment (the "Judgment Lien") obtained on August 11, 2014 against the Debtor in the Superior Court of New Jersey Law Division, Bergen County (Docket No. BER-L-1778-14) in the amount of $215,880.55[1], which was later filed and recorded with the Queens County Clerk on November 17, 2014 (Index No 16688/2014).  The Judgment Lien accrues interest at a rate of 9% per annum through the date of the Debtor's bankruptcy filing.

---

[1] The Judgment is also duly filed and recorded as a lien in New Jersey.

6.      The Debtor has not made any payments to the Creditor on account of the Judgment Lien.

7.      On December 14, 2015 (the "Petition Date"), the Debtor filed his chapter 13 petition listing the Real Estate as his residence, which he purportedly owns at tenants by the entirety with his non-Debtor spouse. *See* Motion, at ¶ 2.

8.      The Debtor asserts that the Real Estate has a value of $389,000; however, the Creditor has a recently prepared drive by appraisal indicating a value for the Real Estate of $395,000 as of May 27, 2016 - $6,000 more than the Debtor represented.

9.      The Real Estate is encumbered by a first mortgage held by Chase Home Mortgage (the "Chase Mortgage").  The Debtor states that the balance due on the Chase Mortgage is $26,730.  But that is the balance due on the Petition Date and not the most current balance.  At this point, the balance due on the Chase Mortgage may be lower, potentially creating more equity in the Real Estate.

10.     The Debtor has elected to use the New York State exemption scheme and asserted a homestead exemption of $150,000 (the "Exemption").

11.     On December 29, 2105, the Debtor filed his chapter 13 plan (the "Plan") [ECF No. 15], which he later amended on March 15, 2016 [ECF No. 24].

12.     The Plan proposes to pay secured creditors in full over the course of 60 months; however, the Plan does not address the Trust's secured claim.

13.     The Debtor has not stated an intention to sell the Real Estate to satisfy the claims of his creditors.

14.     On March 17, 2016, the Creditor filed a proof of claim based on the Judgment in the amount of $215,880.55.

15.     On April 25, 2016, the Creditor filed an amended proof of claim in the amount of $236,746.71 (the "Claim")[2], which accounted for post judgment interest through to the Petition Date, and indicated that the Judgment is a lien on the Real Estate.  A copy of the Claim is annexed hereto as Exhibit A.

16.     On April 27, 2016, the Standing Chapter 13 Trustee (the "Trustee") filed a motion to dismiss the Debtor's bankruptcy case on the basis that, among other things, the Debtor's Plan is insufficient to pay all of the secured claims in full, as proposed by the Debtor. *See* ECF No. 28.  The Plan makes no mention at all of payment of the Trust's Claim.

17.     The Debtor opposed the Trustee's motion to dismiss the Debtor's case, stating, in relevant part, that the Debtor will amend his Plan to address his inability to pay secured creditors in full.

18.     The Debtor has not amended his Plan since the version filed on March 15, 2016.

19.     On May 17, 2016, the Debtor filed his motion to avoid the lien of the Creditor's Judgment asserting impairment of exemption and citing as justification Section 522(f) of the Bankruptcy Code. *See* ECF No. 34.

20.     For all of the reasons set forth below, the Trust objects to the Debtor's Motion.

**OBJECTION**

### A. The Debtor's Homestead Exemption is Not Impaired and Creditor's Judgment Lien Should Not be Avoided

21.     Under governing law in the Eastern District of New York, the following principals are clear: (1) a debtor who owns an interest in real estate as a tenant by the entireties

---

[2] A second amended proof of claim will be filed to reflect the higher secured portion resulting from recognition that the entirety of the equity is available when the debtor owns real estate with a non-debtor spouse as tenants by the entirety.

owns an undivided interest in the whole subject to the co-tenant's right of survivorship and therefore the entire equity must be accounted for the purpose of lien avoidance in a chapter 13 bankruptcy case; (2) a judgment creditor's lien attaches to the equity in the real property to the extent there is equity over the combined total of prior liens and the homestead exemption; and (3) when the real estate is not being sold, the hypothetical costs of sale are not part of the equation in determining whether the judgment lien impairs a homestead exemption.

    1.   The Debtor's Interest in the Real Estate is the Full Fair Market Value

    22.    The Debtor's application of the lien avoidance analysis under Section 522(f) is flawed. In his Motion, the Debtor presumes, *incorrectly*, that because he owns the Real Estate as tenants by the entirety with his non-Debtor spouse, that only half of the value of the Real Estate should be considered in the lien avoidance analysis.

    23.    This Court has disagreed with the Debtor's presumption on several occasions. The Bankruptcy and District Courts in the Eastern District of New York have consistently held that, under New York law, if a debtor owns real property with a non-filing spouse as tenants by the entirety, then the debtor's interest in that property for purposes of § 522(f)(2)(A) is the full fair market value. In re Heaney, 453 B.R. 42, 48 (Bankr. E.D.N.Y. 2011); *citing* Levinson v. R & E Prop. Corp., 395 B.R. 554, 557-59 (Bankr. E.D.N.Y. 2008)) (the debtor's interest is the full value of the house rather than a partial interest); *see also* In re Moltisanti, No. 10-72180-AST, 2012 WL 5246509, at *1 (Bankr. E.D.N.Y. Oct. 24, 2012). The court reasoned this result makes sense, because under New York law, each tenant by the entirety is seized of the whole property. Heaney, 453 B.R. at 47-48 (citing Levinson, 395 B.R. at 582).

    24.    In this case, the Debtor represents that the full fair market value of the Real Estate is $389,000. In accordance with Heaney, Levinson and Moltisanti, because the Debtor owns the

Real Estate as a tenant by the entirety with his non-filing spouse, each tenant may be seized of the whole property.  Thus, in keeping with the prior decisions of this Court, the full fair market value (at least $389,000) should be used when assessing whether the Trust's Judgment Lien should be avoided.

25.    The Debtor is misguided in his attempt to value the Debtor's interest in the Real Estate as only half of the remaining equity in the Real Estate, after applying the Chase Mortgage, or $181,135.  Indeed, under the applicable New York law, the Debtor's interest in the Real Estate is all of the equity, or $362,370, after accounting for the Chase Mortgage.

2. <u>There is Sufficient Equity in the Real Estate for the Majority of the Creditor's Judgment Lien to Attach</u>

26.    Applicable New York law, as applied by this Court, requires a different analysis than the one employed by the Debtor to determine whether the Creditor's Judgment Lien should be avoided because it impairs the Debtor's homestead exemption.

27.    The Bankruptcy Code permits a debtor to avoid the fixing of a judicial lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." See, e.g. In re Moltisanti, No. 10-72180-AST, 2012 WL 5246509, at *3 (Bankr. E.D.N.Y. Oct. 24, 2012).

28.    A lien is considered to impair an exemption "to the extent that the sum of – (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property, exceeds the value of the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. § 522(f)(2)(A).  This Court has interpreted Section 522(f)(2)(A) as a formula, accounting for: (i) value of the debtor's interest in the property irrespective of liens; (ii) value of mortgage and prior liens on the debtor's property;

and (iii) the amount of the debtor's exemption, to determine the net equity in the debtor's property available to creditors. Moltisanti, 2012 WL 5246509 at *4.

29.     In Moltisanti, this Court followed the "proper" method for calculating equity for purposes of judicial lien avoidance under Section 522(f)(1)(A), which was the same methodology this Court employed in the Heaney case. Moltisanti, 2012 WL 5246509 at *3. The Court held, *in relevant part*, that in cases where only one tenant by the entirety has filed bankruptcy, then, the Court should: "(1) use the full fair market value of the debtor's principal residence; (2) subtract all mortgage liens and all other liens of record on the principal residence; (3) apply the full amount of the debtor's homestead exemption as if there were no liens on the principal residence; (4) if there is any equity remaining in the principal residence after satisfying all other liens and the debtor's homestead exemption, the judicial lien may attach to that remaining equity […]". Id. at *4.

30.     Moreover, lien avoidance is not an "all or nothing matter." In re Barrett, 370 B.R. 1, 3 (Bankr. D. Me. 2007); *citing* In re Garran, 338 F.3d 1, 5-6 (1st Cir. 2003)). Rather, "a debtor is permitted to avoid only that portion of the judicial lien that infringes upon the exemption to which he is entitled." Garran, 338 F.3d at 5; *citing* East Cambridge Savings Bank v. Silveira, 141 F.3d 34, 35-36 (1st Cir. 1998)). In Silveira, the United States Court of Appeals for the First Circuit reasoned that creditors are able to reach a debtor's excess in equity because the § 522(f)(2)(A) used the phrase "to the extent that" – rather than "if" – the lien impairs an exemption. Id.

31.     Consequently, if there is equity in excess of the homestead exemption and prior liens, a judicial lien survives to the extent of the surplus. Heaney, 453 B.R. at 48 (citing E. Cambridge Sav. Bank v. Silveira, 141 F.3d 34, 36–38 (1st Cir. 1998)) (allowing for partial

avoidance of a lien); Levinson, 395 B.R. at 557 (citing In re Barrett, 370 B.R. 1, 3 (Bankr. D. Me. 2007) and In re Vizentinis, 175 B.R. 824, 827 (Bankr. E.D. N.Y. 1994)) ("[T]o the extent that a judicial lien does not impair a debtor's exemption, it cannot be avoided").

32.      Here, accepting the Debtor's own representations as true, there is sufficient equity in the Real Estate to satisfy the Chase Mortgage, the full amount of the Debtor's homestead exemption under New York State law, and substantially all of the Creditor's Judgment Lien.

        a. Debtor's Real Estate Value: $389,000
        b. Chase Mortgage: $26,730
        c. Debtor's New York State Homestead Exemption: $150,000
            i. Remaining Equity: $212,270
                1. Trust's Judgment Lien Amount: $236,746.71
                    a. Amount of Judgment Lien Avoided: <u>$24,478.71</u>

33.      Therefore, using the Debtor's own numbers, only $24,478.71 of the Trust's Judgment Lien should be avoided, not the entire Judgment Lien as the Debtor proposes.

34.      Despite the Debtor's representations, however, the Creditor's own drive by appraisal of the Real Estate indicates its value is actually $395,000 ($6,000 more than the Debtor's representation), resulting in approximately at least $6,000 more equity in the Real Estate available to cover the Trust's Judgment Lien.   Under those circumstances, there is $218,746.71 equity in the Real Estate and, therefore, only $18,478.71 of the Judgment Lien should be avoided, and this is before accounting for any further reduction of the balance due on the first mortgage of Chase Mortgage resulting from payments made in the 6-7 months since the Petition Date.

3.  <u>Costs of Selling the Real Estate Should Not be Factored into This Analysis</u>

35.      Interestingly, the Debtor seeks to factor into its lien avoidance analysis the costs of sale of the Real Estate without demonstrating any intention to actually sell the Real Estate.

36.     This Court has previously held that closing costs are not considered if a debtor is not selling the property. <u>See</u> <u>In re Smith</u>, 262 B.R. 594, 599-600 (Bankr. E.D. N.Y. 2001). Although other non-binding courts may have found otherwise, this Court is clear that hypothetical closing costs for a non-contemplated sale cannot be deducted from a debtor's equity in a property. <u>Smith</u>, 262 B.R. at 600. In <u>Smith</u>, this Court reasoned that "to allow the debtors to keep the property while deducting hypothetical sale costs from the [fair market] value [of the property] is inappropriate given the sale costs being deducted are truly 'hypothetical.'" <u>Id.</u> at 599-600 (citing <u>In re Coker</u>, 973 F.2d 258 (4th Cir. 1992); <u>In re Crockett</u>, 3 B.R. 365, 367 (Bankr. N.D. Ill. 1980)). Because closing costs are not actual expenses, it is inappropriate to deduct hypothetical closing costs. <u>Smith</u>, 262 B.R. at 600.

37.     Here, the Debtor has made clear his intention to retain the Real Estate. Therefore, the hypothetical closing costs he raised, but did not quantify, in his Motion should not be factored in the lien avoidance analysis.

## CONCLUSION

38.    Based on the foregoing, and giving the Debtor the full benefit of the Exemption he asserts so that there is no impairment, there remains equity to satisfy the lien of the Creditor's Judgment of something between a high of $218,740 and a low of $212,270.   The Debtor's Motion must be denied.

Dated:   New York, New York          FOX ROTHSCHILD LLP
          June 27, 2016


                              By:   */s/ Kathleen Aiello*
                                    Kathleen Aiello, Esq.
                                    100 Park Avenue, 15th Floor
                                    New York, New York 10017
                                    (212) 878-7900

                                    and

                                    Michael Viscount, Esq
                                    Midtown Building, Ste. 400
                                    1300 Atlantic Avenue
                                    Atlantic City, NJ 08401

                                    *Attorneys for Carrollton Trust UTD 011113*

10