UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                              :
                                                   :   Chapter 13
JOHN MARTIN,                                       :
                                                   :   Case No. 15-45600 (NHL)
                            Debtor.                :
-------------------------------------------------------------x

**STIPULATION AND ORDER BY AND BETWEEN THE DEBTOR AND CARROLLTON TRUST UTD 011113 RESOLVING OBJECTION TO DEBTOR'S MOTION TO SET ASIDE JUDGMENT LIEN AND FIXING LIEN AND REPAYMENT TERMS FOR CLAIM OF CARROLLTON TRUST UTD 011113**

By this Stipulation and order (the "Stipulation"), John Martin, the Debtor in this matter (the "Debtor"), on the one hand, and Carrollton Trust UTD 011113 (the "Creditor" or the "Trust"), on the other hand (together, the "Parties"), by and through their respective counsel, agree to settle the objection of the creditor to the motion of the Debtor (the "Motion") [ECF No. 34] for an order pursuant to 11 U.S.C. §§ 502, 506, 1325(a)(5)(C) and 522(f)(1), setting aside the Trust's judicial lien as impairing the Debtor's homestead exemption in property known as 191-20 109th Street, Saint Albans, New York 11412 (the "Real Estate"), and in connection herewith fix the lien and repayment terms for the secured claim of the Trust, according to the terms set forth below.

**BACKGROUND**

A.      Trust is a secured creditor by virtue of a money judgment (the "Judgment Lien") obtained on August 11, 2014 against the Debtor in the Superior Court of New Jersey Law Division, Bergen County (Docket No. BER-L-1778-14) in the amount of $215,880.55[1], which was later filed and recorded with the Queens County Clerk on November 17, 2014 (Index No

---

[1] The Judgment is also duly filed and recorded as a lien in New Jersey.

16688/2014). The Judgment Lien accrues interest at a rate of 9% per annum through the date of the Debtor's bankruptcy filing.

  B. Debtor has not made any payments to the Trust on account of the Judgment Lien.

  C. On December 14, 2015 (the "<u>Petition Date</u>"), the Debtor filed his chapter 13 petition in the bankruptcy court for the Eastern District of New York (the "<u>Bankruptcy Court</u>"), listing the Real Estate as his residence, which he purportedly owns at tenants by the entirety with his non-Debtor spouse. *See* Motion, at ¶ 2.

  D. The Debtor asserts that the Real Estate has a value of $389,000; however, the Creditor has a recently prepared drive by appraisal indicating a value for the Real Estate of $395,000 as of May 27, 2016 - $6,000 more than the Debtor represented.

  E. The Real Estate is encumbered by a first mortgage held by Chase Home Mortgage (the "<u>Chase Mortgage</u>"). The Debtor states that the balance due on the Chase Mortgage is $26,730. But that is the balance due on the Petition Date and not the most current balance. At this point, the balance due on the Chase Mortgage may be lower, potentially creating more equity in the Real Estate.

  F. The Debtor has elected to use the New York State exemption scheme and asserted a homestead exemption of $150,000 (the "<u>Exemption</u>").

  G. On December 29, 2015, the Debtor filed his chapter 13 plan (the "<u>Plan</u>") [ECF No. 15], which he later amended on March 15, 2016 [ECF No. 24].

  H. The Plan proposes to pay secured creditors in full over the course of 60 months; however, the Plan does not address the Trust's secured claim.

  I. The Debtor has not stated an intention to sell the Real Estate to satisfy the claims of his creditors.

J.      On March 17, 2016, the Trust filed a proof of claim based on the Judgment in the amount of $215,880.55.

L.      On April 25, 2016, the Trust filed an amended proof of claim in the amount of $236,746.71, which accounted for post judgment interest through to the Petition Date, and indicated that the Judgment is a lien on the Real Estate.

K.      On April 27, 2016, the Standing Chapter 13 Trustee (the "Trustee") filed a motion to dismiss the Debtor's bankruptcy case (the "Bankruptcy Case") on the basis that, among other things, the Debtor's Plan is insufficient to pay all of the secured claims in full, as proposed by the Debtor. *See* ECF No. 28.  The Plan makes no mention at all of payment of the Trust's Claim.

M.      The Debtor opposed the Trustee's motion to dismiss the Debtor's case, stating, in relevant part, that the Debtor will amend his Plan to address his inability to pay secured creditors in full.

N.      The Debtor has not amended his Plan since the version filed on March 15, 2016.

O.      On May 17, 2016, the Debtor filed his Motion to avoid the lien of the Judgment asserting impairment of exemption and citing as justification Section 522(f) of the Bankruptcy Code[2]. *See* ECF No. 34.

P.      The Trust filed its Objection to the Motion on June 27, 2016 (ECF No. 39) setting up a contested matter (the "Contested Matter") that was originally scheduled for consideration by the Court on June 15, 2016.

Q.      On July 1, 2016, the Trust filed a second amended proof of claim (the "Claim"), which reflected a higher secured portion resulting from recognition that the entirety of the equity is available when the debtor owns real estate with a non-debtor spouse as tenants by the entirety.

---

[2] References to the Bankruptcy Code are to 11 U.S.C. §§101 *et seq.*

R.      The Contested Matter is has been adjourned and is now scheduled for hearing before the Court on September 8, 2016.

S.      In order to avoid litigation, the Parties desire to settle the Contested Matter, provide for the continuation of the Judgment Lien as to the Real Estate and provide for payment of the Claim and eventual release of the Judgment Lien, as provided for herein.

NOW THEREFORE, for good and valuable consideration, the Parties hereby stipulate and agree, as follows:

1.      Each fact set forth in the Background clauses above is incorporated by reference herein.

2.      The Debtor acknowledges the debt owed to the Trust in the amount of $236,746.71 as of the Petition Date, and agrees that for the purposes of the Debtor's Bankruptcy Case the Claim of the Trust in such amount is allowed in full under Section 502(a) of the Bankruptcy Code.

3.      The Debtor acknowledges and agrees that for purposes of § 522(f)(2)(A) of the Bankruptcy Code and all other aspects of the Bankruptcy Case the Judgment Lien upon the Real Estate is valid and enforceable in all respects to the extent of the full fair market value of the Real Estate, subject only to the: (i) the homestead exemption available to the Debtor in the amount of $155,000; and (ii) the amount due on the debt secured by the Chase Mortgage.

4.      To satisfy the Trust's Claim, the Debtor shall pay to the Trust the following sums (the "Settlement Payment"):

4.1.    Within 10 days of the date when the Court approves this Stipulation, the Debtor shall wire a payment equal to the full amount available to the Debtor under his

IRA Account identified in response to item 21 of his Property Schedule filed in the bankruptcy case, but not less than $38,609.97.

4.2. The sum of $20,000 with interest at 8% to be paid over a term of 60 months in monthly payments of $405.53 due on the first day of each month, starting on the first day of the first full month after the Court approves this Stipulation.

4.3. All payments shall me made by check or similar instrument representing good funds as and when due without notice or grace period, and shall be delivered to the following on behalf of the Trust:

> The Lemoine Group, Inc.
> Attn: Gerald A. Lemoine
> 13210 Harbor Blvd., PMB149
> Garden Grove, CA 92843

4.4. Annually, the Trust will provide an accounting of all payments received from the Debtor and if applicable a written acknowledgement that he has complied with the payment terms provided for in this Agreement.

5. The Trust shall forbear from all action to enforce the Judgment Lien during all times that the Debtor is in full compliance with the terms of this Stipulation.

6. Upon receipt of the entirety of the Settlement Payment as and when due and without default prior thereto, the Judgment Lien shall be released from the Real Estate by the Trust.

7. The Debtor shall have the right to prepay the obligation under subsection 4.2 above, at any time without pre-payment fee or penalty.

8. Upon the payment to the Trust of the amount due under subsection 4.1 above, the Trust shall cause its counsel to sign and deliver to counsel for the Debtor a Satisfaction of Judgment in recordable form, which Satisfaction shall be held in escrow and not released for

recording until the Trust has confirmed to such counsel the receipt of all payments required as and when due under section 4, above.

9. The approval of this Stipulation by the Court shall also constitute an Order of the Court (the "Stay Termination Order") terminating the automatic stay under Section 362(a) of the Bankruptcy Code (the "Automatic Stay") as to the Trust. The Stay Termination Order shall be binding upon the Debtor and any subsequent trustee appointed in the Bankruptcy Case or in any subsequent case initiated by a petition for relief filed by the Debtor under the Bankruptcy Code. The Debtor shall comply with all pleading and notice requirements for relief under §362(d) of the Bankruptcy Code and Bankruptcy Rule 4001(d).

10. In the event of a default in payment or performance of the obligations of the Debtor under this Stipulation, the Trust shall be free to enforce the Judgment Lien as to the Real Estate and to proceed to recover the debt due to the Trust by the Debtor as otherwise permitted by law, irrespective of the Debtor's Bankruptcy Case.

11. The Trust shall not oppose a request by the Debtor to dismiss the Bankruptcy Case, provided that no dismissal shall be effective until after: (i) the Trust has received the Settlement Payment required by subsection 4.1 above; and (ii) the Court has approved this Stipulation, including the entry of the Stay Termination Order.

12. In the event the Bankruptcy Case is not dismissed, this Stipulation shall remain the obligation of the Debtor to be performed outside of the Plan.

13. This Stipulation shall be effective 14 days after the date of approval by the Bankruptcy Court (the "Effective Date"). Upon the Effective Date, the Debtor shall be deemed to have released, waived and discharged the Trust from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown whatsoever

at law or in equity, including the Contested Matter, arising as a consequence of the matters prior to the Effective Date; however, this release shall not affect any obligations the Trust has under this Stipulation.

14. Unless required to do so to comply with law, and court order or administrative directive, the Trust shall not issue a 1099 to the Debtor for cancellation of debt.

15. This Stipulation is subject to Bankruptcy Court approval, and shall not become effective or enforceable unless and until such Bankruptcy Court approval is obtained through entry of an order approving this Stipulation which also provides for the stay relief required by Section 7, above. Within 5 days of the date of this Stipulation, the Debtor shall request that the Bankruptcy Court approve this Stipulation, and sign as indicated below to effect the Stay Termination Order.

16. Upon execution of this Stipulation, the Debtor shall withdraw the Motion with prejudice so it cannot be re-filed or reasserted against the Trust and no effort can be made by the Debtor in the Bankruptcy Case to set aside the Judgment Lien.

17. In the event this Stipulation is not approved by the Bankruptcy Court, then the Parties will be returned to their position prior to this Stipulation, unless otherwise directed by the Bankruptcy Court, and the Contested Matter will resume.

18. This Stipulation constitutes the whole agreement between the Parties hereto with respect to the Contested Matter and may only be modified or amended upon the written consent of all of the Parties and with any necessary approval of the Bankruptcy Court.

19. The Bankruptcy Court shall retain exclusive jurisdiction over all disputes regarding this Stipulation.

20. This Stipulation shall be construed and interpreted in accordance with the laws of the State of New York, excluding, and without regard to, the conflict of law rules thereof. The Parties have each cooperated in drafting this Stipulation. Therefore, in any action or proceeding concerning this Stipulation, the provisions hereof shall be construed as if jointly drafted by the Parties hereto.

21. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same.

22. The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of their respective party or client.

23. This Stipulation may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

**IN WITNESS WHEREOF** and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date first set forth below.

[*Signatures Continued on Next Page*]

| | |
|---|---|
| Dated:  Astoria, New York<br>September 7, 2016 | Dated:  New York, New York<br>September 7, 2016 |
| ORTIZ & ORTIZ LLP<br>*Counsel to Debtor, John Martin* | FOX ROTHSCHILD LLP<br>*Attorneys for Carrollton Trust UTD 011113* |
| By:  */s/ Norma Ortiz*<br>   Norma Ortiz<br>   Martha de Jesus<br>   32-72 Steinway Street, Suite 402<br>   Astoria, New York 11103<br>   Phone: (718) 522-1117<br>   Fax: (718) 596-1302<br>   email@ortizandortiz.com | By:  */s/ Kathleen Aiello*<br>   Kathleen Aiello, Esq.<br>   100 Park Avenue, 15th Floor<br>   New York, New York 10017<br>   (212) 878-7900<br>   kaiello@foxrothschild.com<br><br>   and<br><br>   Michael Viscount, Esq<br>   Midtown Building, Ste. 400<br>   1300 Atlantic Avenue<br>   Atlantic City, NJ 08401<br>   mviscount@foxrothschild.com |

Dated:  St. Albans, New York
        September 7, 2016

JOHN MARTIN
*Chapter 13 Debtor*

By:   */s/ John Martin*
      John Martin
      191-20 109 Avenue
      St. Albans, New York 11412

Dated:  Garden Grove, California
        September 7, 2016

GERALD A. LEMOINE
*Trustee for the Carrollton Trust UTD 011113*

By:   */s/ Gerald A. Lemoine*
      Gerald A. Lemoine
      The Lemoine Group, Inc.
      13210 Harbor Blvd. PMB149
      Garden Grove, California 92843
      Phone: (714) 462-8050
      Fax: (714) 462-8050
      gerald@thelemoinegroup.com

So Ordered.



Dated: September 23, 2016                                   Nancy Hershey Lord
       Brooklyn, New York                            United States Bankruptcy Judge